AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br>David Paul<br><br>*Defendant* | )<br>)<br>) Case No. 19mj2215<br>)<br>) |

FILED
U.S. DISTRICT COURT
DISTRICT OF NEW MEXICO
2019 JUL 23  AM 8:38
CLERK-LAS CRUCES

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  05/25/2019  in the county of  Dona Ana  in the _____ District of  New Mexico , the defendant violated  21  U. S. C. §  841 
x   an offense described as follows:

Knowingly, intentionally, and unlawfully; possessed with intent to distribute a controlled substance, to wit approximately 352.5 gross grams of methamphetamine, a Schedule I controlled substance, and 99.1 net grams of heroin, a schedule I controlled substance, in violation of Title 21 U.S.C. 841.

This criminal complaint is based on these facts:
See attached Affidavit, which is marked Attachment "A", and which is incorporated by reference as if fully set out herein.

☑ Continued on the attached sheet.

_____
Complainant's signature

DEA Special Agent, Allan Russo
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  7/23/19 

_____
Judge's signature

City and state:    Las Cruces, New Mexico           Carmen E. Garza, U.S Magistrate Judge
*Printed name and title*

United States of America
V.
David Paul

## ATTACHMENT "A"
## AFFIDAVIT

I, Allan Russo, Affiant, being duly sworn, state that the following information is true and correct to the best of my knowledge and belief:

The following information is based upon information provided to me by other agents and is presented as probable cause to arrest David Paul. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every known fact regarding this investigation. More specifically, I have set forth only pertinent facts that I believe are necessary to establish probable cause.

On May 25, 2019, agents learned from a DEA Source of Information (SOI) that David Paul was going to the Ciudad Juarez, Mexico, area to obtain illegal drugs. On the same day, agents learned that Paul had crossed back into the United States from Mexico. Agents set up on surveillance, in an attempt to interdict Paul on his way back to the Las Cruces, NM area. When an officer located Paul's vehicle on I-25 in Las Cruces, NM, the officer observed that the vehicle was weaving in its lane and that the driver's view was possibly obstructed by a large decal on the rear window. The officer thereafter conducted a traffic stop of the vehicle. Paul was the driver of the vehicle, and there was a female passenger in the front seat. Paul was asked to step out of the vehicle. When patting down Paul for weapons, agents were able to determine that Paul had bundles, consistent with illegal drugs packaging, in his pockets. Paul initially stated that the bundles were chewing tobacco. Due to agents training and experience, agents knew that the contents inside of Paul's pockets were not chewing tobacco, and felt like bundles of illegal drugs. Agents asked Paul to remove the items and place them on the trunk of the police vehicle, which Paul did. Agents observed four black taped bundles that Paul put on the vehicle. Agents read Paul his Miranda Warnings. Paul acknowledged that he understood his rights, and would answer questions from agents. Paul admitted that the bundles contained heroin and methamphetamine that Paul just picked up from Mexico. Paul stated that he paid approximately $1,000 for all four bundles.

Paul was released on scene, and agents seized the bundles. Agents transported the bundles back to the DEA Las Cruces Resident Office. Agents field-tested the contents inside of the bundles. Three of the bundles tested positive for the presumptive presence of methamphetamine in the amount of 352.5 gross grams, and one bundle field-tested positive for the presumptive presence of heroin in the amount of 141.1 gross grams. The bundles were sent to the DEA laboratory for further analysis. The lab results for the bundle of heroin have been received and confirm that the substance was heroin and that it had a net weight of 99.1 grams.

The facts of the case were presented to Assistant United States Attorney (AUSA) Renee Camacho who authorized the case for federal prosecution.

Based on the above information, your Affiant believes that David Paul did knowingly, intentionally, and unlawfully possess with intent to distribute a controlled substance, to wit approximately 352.5 grams of methamphetamine, a Schedule I controlled substance, and 141.1 grams of heroin, a Schedule I controlled substance, in violation of Title 21 U.S.C. 841.

Allan Russo,
DEA Special Agent

Carmen E. Garza
United States Magistrate Judge